IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BAPTIST MEMORIAL HOSPITAL, d/b/a<br>      BAPTIST MEMORIAL HOSPITAL-<br>      MEMPHIS,<br><br>            Plaintiff,<br><br>      v.<br><br>MICHAEL O. LEAVITT,<br>Secretary, United States Department of<br>Health and Human Services,<br><br>            Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 1:07CV01938 (RWR)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER

Defendant, Michael O. Leavitt, Secretary of Health & Human Services ("Secretary"), by and through his undersigned counsel, answers Plaintiff's Complaint for Judicial Review of Final Adverse Agency Decision on Medicare Reimbursement ("Complaint") as follows:

### FIRST DEFENSE

Plaintiff's claims for additional payment under the Medicare program are barred on the grounds of estoppel, res judicata, waiver, and statute of limitations.

### SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

Answering specifically each paragraph of the Complaint, and using the same numbering contained in the Complaint, Defendant pleads as follows:

1.  Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in the first and second sentences, except to admit that Plaintiff hospital

participates in the Medicare program. The third and fourth sentences contain Plaintiff's characterizations of this action, characterizations of various administrative decisions and instructions, and conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies. Denies the fifth sentence.

    2. The first and second sentences contain Plaintiff's characterization of a June 29, 2007 decision of the Provider Reimbursement Review Board ("PRRB"), not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies. The Secretary respectfully refers the Court to the full text of the PRRB's decision, (see Certified Administrative Record ("A.R.") 82-88),[1] which is the best evidence of the decision's contents, for a full and accurate statement of its contents. The third sentence contains Plaintiff's characterization of an August 29, 2007 decision of the Administrator of the Centers for Medicare & Medicaid Services ("CMS"), not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies. The Secretary respectfully refers the Court to the full text of the Administrator's decision, (see A.R. 2-15), which is the best evidence of the decision's contents, for a full and accurate statement of its contents.

    3. This paragraph contains a characterization of this action, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.

    4. This paragraph sets forth Plaintiff's legal conclusions to which no response is required.

    5. Defendant lacks knowledge and information sufficient to form a belief as to the truth

---

[1] The Secretary is filing separately the certified four-volume administrative record for this action.

of the allegations in this paragraph, except to admit that Plaintiff participates in the Medicare program, is assigned provider number 44-0048, and is located at 6019 Walnut Grove Road, Memphis, Tennessee 38120.

6. Denies, except to admit that the Secretary, who is principally responsible for administration of the Medicare program, has delegated considerable authority for program administration to the Administrator of CMS.  By way of further information, Defendant avers that on June 29, 2001, the Secretary changed the name of the Health Care Financing Administration ("HCFA") to the Centers for Medicare and Medicaid Services ("CMS").  66 Fed. Reg. 35437 (July 5, 2001).

7. Admits the first sentence.  The second sentence contains conclusions of law and Plaintiff's characterization of 42 U.S.C. § 1395x(u), not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited statutory provision, to which the Court is referred for a full and accurate statement of its contents.

8-9. These paragraphs contain conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.  The Secretary respectfully refers the Court to 42 C.F.R. § 413.24(f) for a full and accurate description of the function of the Medicare cost report; to 42 U.S.C. § 1395h and 42 C.F.R. §§ 421.1-421.128 for a full and accurate account of the role of the Medicare fiscal intermediaries in the provider reimbursement process; and to 42 C.F.R. § 405.1803 for a full and accurate description of the notice of program reimbursement ("NPR") issued by a fiscal intermediary to a provider participating in the Medicare program.

10-15.  These paragraphs contain conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.  The Secretary respectfully refers the Court to the cited provisions of the Medicare statute and regulations for a full and accurate description of the exclusive process for administrative and judicial review of provider reimbursement disputes.

16.  Denies the first and second sentences, except to admit that generally, under the prospective payment system ("PPS"), hospitals are paid predetermined amounts for certain diagnosis-related groups, subject to certain payment adjustments.  The third and fourth sentences contain Plaintiff's characterization of 42 U.S.C. § 1395ww(d)(5)(F), not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited statutory provision, to which the Court is referred for a full and accurate statement of its contents.

17.  The first and second sentences contain Plaintiff's characterization of 42 U.S.C. § 1395ww(d)(5)(F)(vi), not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited statutory provision, to which the Court is referred for a full and accurate statement of its contents.  Denies the third and fourth sentences, except to admit that a larger number of patient days in the numerator of the Medicaid fraction of the Medicare disproportionate share adjustment ("DSH") calculation may result in a larger Medicare DSH adjustment.

18.  The first sentence contains Plaintiff's characterization of Title XIX of the Social Security Act, 42 U.S.C. § 1396 et seq. ("Medicaid statute"), not allegations of fact, and thus no response is required.  The second, third, and forth sentences contain Plaintiff's characterization

of 42 U.S.C. § 1396c and § 1396d(a), not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited statutory provisions, to which the Court is referred for a full and accurate statement of their contents.

19.  This paragraph contains Plaintiff's characterization of 42 U.S.C. § 1396a(a)(5) and § 1395a(a)(10)(A)(ii), not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited statutory provisions, to which the Court is referred for a full and accurate statement of their contents.

20.  This paragraph contains conclusions of law and Plaintiff's characterization of 42 U.S.C. § 1315 and § 1315(a)(2)(A), not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited statutory provisions, to which the Court is referred for a full and accurate statement of their contents.

21.  Denies the first sentence, except to admit that the State of Tennessee operates a federal waiver plan under the Medicaid Act approved by the Secretary under 42 U.S.C. § 1315. Admits the second sentence.  Denies the third sentence, except to admit that the federal waiver plan altered certain Medicaid eligibility requirements for the receipt of medical benefits under the TennCare program.  The fourth and fifth sentences contain conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.  The Secretary respectfully refers the Court to Tenn. Comp. R. & Regs. 1200-13-13-.02  for a full and accurate description of the eligibility requirements applicable to the TennCare program.  The sixth sentence contains Plaintiff's characterization of a letter from

Bruce Vladeck, Administrator of CMS, to Mr. H. Russell White, Commissioner, Tennessee Department of Health, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies. The Secretary respectfully refers the Court to the full text of the letter, (see A.R. 640-43), which is the best evidence of the letter's contents, for a full and accurate statement of its contents.

22. Denies the first sentence, except to admit that on February 27, 1997, the Secretary changed his interpretation of the DSH adjustment to include all inpatient hospital days of service for patients who were eligible on that day for medical assistance under a State Medicaid plan in the Medicaid fraction, whether or not the hospital received payment for those inpatient services. The second sentence contains Plaintiff's characterization of four separate decisions of four different federal courts of appeal, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited decisions, to which the Court is referred for a full and accurate statement of their contents.

23. The first sentence contains Plaintiff's characterization of HCFA Ruling 97-2 (Feb. 27, 1997), not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited Ruling, to which the Court is referred for a full and accurate statement of its contents. Denies the second sentence.

24. This paragraph contains conclusions of law and Plaintiff's characterization of an October 15, 1999 letter from Michael Hash, Deputy Administrator, CMS, to The Honorable William V. Roth, Chairman, Senate Finance Committee, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies. The Secretary respectfully refers the Court to the text of letter, which is reproduced in the Administrative

Record, (see A.R. 755-56), for a full and accurate statement of its contents.

25-26.  These paragraphs contain Plaintiff's characterization of Medicare Program Memorandum A-99-62, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited Program Memorandum, to which the Court is referred, (see A.R.579-84), for a full and accurate statement of its contents.

27.  The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences.  The third, fourth, and fifth sentences contain Plaintiff's characterization of a June 29, 2007 decision of the PRRB, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.  The Secretary respectfully refers the Court to the full text of the PRRB's decision, (see A.R. 82-88), which is the best evidence of the decision's contents, for a full and accurate statement of its contents.

28.  Admits the first sentence.  The second and third sentences contain Plaintiff's characterization of a September 23, 1997 NPR, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.  The Secretary respectfully refers the Court to the NPR, (see A.R. 1457-70), which is the best evidence of its contents, for a full and accurate statement of its contents.

29.  This paragraph contains conclusions of law and Plaintiff's characterization of a letter dated March 19, 1998 from Plaintiff to the PRRB, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.  The Secretary respectfully refers the Court to the full text of Plaintiff's March 19, 1998 letter to the PRRB, (see A.R. 1553-56),

which is the best evidence of the letter's contents, for a full and accurate statement of its contents.

30.  This paragraph contains Plaintiff's characterization of an October 25, 2005 letter of the PRRB, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.  The Secretary respectfully refers the Court to the full text of the October 25, 2005 letter of the PRRB, (see A.R. 1240-41), which is the best evidence of the letter's contents, for a full and accurate statement of its contents.

31.  The first sentence contains Plaintiff's characterization of an April 26, 2006 hearing before the PRRB, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.  The Secretary respectfully refers the Court to the full text of the hearing transcript, (see A.R. 112-30), which is the best evidence of the hearing, for a full and accurate statement of the hearing.  Denies the first sentence, except to admit that on April 26, 2006, the PRRB held a hearing regarding the issue whether Plaintiff is entitled, under CMS Program Memorandum A-99-62, to include section 1115 waiver days in the Medicaid component of the DSH calculation.  Admits the second and third sentences.  The fourth sentence contains Plaintiff's characterization of a June 29, 2007 decision of the PRRB, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.  The Secretary respectfully refers the Court to the full text of the PRRB's decision, (see A.R. 82-88), which is the best evidence of the decision's contents, for a full and accurate statement of its contents.

32.  This paragraph contains Plaintiff's characterization of an August 29, 2007 decision of the Administrator of CMS, not allegations of fact, and thus no response is required; to the

extent a response is deemed necessary, denies. The Secretary respectfully refers the Court to the full text of the Administrator's Decision, (see A.R. 2-15), which is the best evidence of the decision's contents, for a full and accurate statement of its contents.

33. This paragraph contains Plaintiff's characterization of an administrative appeal which is the subject of a case now pending in the Court of Appeals for this Circuit, Baptist Memorial Hospital, Inc., et al. v. Leavitt, Case. No. 07-5269 (oral argument scheduled May 12, 2008), not allegations of fact, and thus no response is required.

34. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in the first sentence. Denies the second sentence.

35.[2] Denies the first sentence, except to admit that by letter dated December 9, 2005, Plaintiff's representative requested expedited judicial review for various providers, including provider number 44-0048 and fiscal year ending 9/30/94, from the PRRB on "the Section 1115 Waiver Days issue," and asserted that "[t]here are no pertinent factual issues in dispute." Denies the second sentence, except to admit that by letter dated January 4, 2006, the PRRB granted expedited judicial review, including provider number 44-0048 and fiscal year ending 9/30/94, with respect to the providers' request "to have the section 1115 expansion waiver days included in the DSH calculation for period[s] prior to January 20, 2000," in which the Board found that

---

[2] The responses in this paragraph, (¶ 35), are based upon counsel's review of documents contained in the administrative record of the case which is now the subject of an appeal in the Court of Appeals for this Circuit, Baptist Memorial Hospital, Inc., et al. v. Leavitt, Case. No. 07-5269 (oral argument scheduled May 12, 2008) (referenced above at ¶ 33). That case, with its accompanying administrative record, was originally captioned in the District Court as Baptist Memorial Hospital, Inc., et al. v. Leavitt, Case. No. 06-0437 (JR) (judgment against Plaintiffs entered June 27, 2007). The two documents discussed above in paragraph 35 may be found in that administrative record at A.R. 231-34, and A.R. 235-41, respectively.

"based upon the Providers' assertions regarding the section 1115 waiver issue, there are no findings of fact for resolution by the Board[.]"

36. This paragraph sets forth Plaintiff's legal conclusions to which no response is required.

37-38. Admits.

39. The first sentence contains Plaintiff's characterization of 42 U.S.C. § 1395oo(f)(1), not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited statutory provision, to which the Court is referred for a full and accurate statement of its contents. Denies the second and third sentences. The fourth sentence contains Plaintiff's characterization of 42 C.F.R. § 405.1842(g)(4), not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited regulatory provision, to which the Court is referred for a full and accurate statement of its contents.

40. This paragraph contains Plaintiff's characterization of the PRRB's Instructions, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited Instructions, to which the Court is referred for a full and accurate statement of their contents (avaiable at http://www.cms.hhs.gov/PRRBReview/Downloads/PRRB_Instructions_March_03.pdf).

41. Denies.

42.[3] This paragraph contains conclusions of law and Plaintiff's characterization of 5

---

[3] The remaining paragraphs in this Answer, (¶¶ 42-58), respond to paragraphs in the Complaint that appear under various headings which contain conclusions of law, not allegations of fact, and thus to which no response is required; to the extent a response is deemed necessary,

U.S.C. § 706, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited statutory provision, to which the Court is referred for a full and accurate statement of its contents.

43. Denies.

44. The first, second, and third sentences contain conclusions of law and Plaintiff's characterization of a letter dated March 19, 1998 from Plaintiff to the PRRB, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies. The Secretary respectfully refers the Court to the full text of Plaintiff's March 19, 1998 letter to the PRRB, (see A.R. 1553-56), which is the best evidence of the letter's contents, for a full and accurate statement of its contents. The fourth and fifth sentences contain Plaintiff's characterization of a stipulation entered into by the fiscal intermediary and the provider, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to refer the Court to the stipulation, (see A.R. 1410-12), for a full and accurate statement of its contents. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in the sixth and seventh sentences.

45. This paragraph contains Plaintiff's characterization of a June 29, 2007 decision of the PRRB, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies. The Secretary respectfully refers the Court to the full text of the PRRB's decision, (see A.R. 82-88), which is the best evidence of the decision's contents, for a full and accurate statement of its contents.

---

denies that the paragraphs in the Complaint, (¶¶ 42-58), support the headings under which they appear.

46. Denies.

47. The first sentence contains Plaintiff's characterization of an October 15, 1999 letter from Michael Hash, Deputy Administrator, CMS, to The Honorable William V. Roth, Chairman, Senate Finance Committee, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies. The Secretary respectfully refers the Court to the text of letter, which is reproduced in the Administrative Record, (see A.R. 755-56), for a full and accurate statement of its contents. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in the second sentence. The third sentence contains Plaintiff's characterization of Program Memorandum A-99-62, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited Program Memorandum, to which the Court is referred for a full and accurate statement of its contents. Denies the fourth sentence, except to admit that Program Memorandum A-99-62 is addressed to fiscal intermediaries and specifically directs the intermediary, (see A.R. 579-84; 1029-34), "to distribute the content of this PM to all the hospitals immediately upon receipt of the PM." Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in the fifth sentence. Denies the sixth sentence.

48-49. These paragraphs contain Plaintiff's characterization of Program Memorandum A-99-62, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited Program Memorandum, to which the Court is referred for a full and accurate statement of its contents.

50. Denies.

51. The first and second sentences contain Plaintiff's characterization of a July 12, 2007 letter from the fiscal intermediary to the Office of the Attorney Advisor, CMS, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies. The Secretary respectfully refers the Court to the full text of the letter, (see A.R. 78), which is the best evidence of the letter's contents, for a full and accurate statement of its contents. The third and fourth sentences contain Plaintiff's characterization of a July 26, 2007 letter from the Attorney Advisor, CMS, to Plaintiff's representative, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies. The Secretary respectfully refers the Court to the full text of the letter, (see A.R. 75), which is the best evidence of the letter's contents, for a full and accurate statement of its contents. Denies the fifth sentence, except to admit that the letter from the Attorney Advisor, CMS, to Plaintiff's representative, (see A.R. 75), is dated July 26, 2007, and the United States District Court for the District of Columbia, in case number 06-0437(JR), entered judgment in favor of the Secretary on June 27, 2007.

52. This paragraph contains Plaintiff's characterization of 42 C.F.R. § 405.1875(d) and § 405.1875(e), not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited regulatory provisions, to which the Court is referred for a full and accurate statement of their contents.

53-56. Denies.

57. The first sentence contains conclusions of law, not allegations of fact, and thus no response is required. Denies the second and third sentences.

58. Denies.

The remainder of the Complaint contains Plaintiff's Prayer for Relief to which no response is required; to the extent a response is deemed necessary, denies that Plaintiff is entitled to the relief requested in the Prayer for Relief, or to any relief whatsoever.  The Secretary specifically denies all allegations in Plaintiff's Complaint not expressly admitted or qualified herein.

        Respectfully submitted,

        /s/
JEFFREY A. TAYLOR
United States Attorney
D.C. Bar No. 498610

        /s/
CHRISTOPHER B. HARWOOD
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0372
Facsimile: (202) 514-8780

        /s/
ROBERT W. BALDERSTON
Attorney
U.S. Department of Health &
 Human Services
Office of the General Counsel
Room 5309, Cohen Bldg.
330 Independence Ave, SW
Washington, DC 20201
(202) 619-3601
Facsimile: (202) 401-1405

OF COUNSEL:

JAMES C. STANSEL
Acting General Counsel

JANICE L. HOFFMAN
Associate General Counsel

MARK D. POLSTON
Deputy Associate General Counsel
 for Litigation

United States Department of
 Health & Human Services